## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT KIRSCH, | Case No: |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| Tenneco Inc., Roy V. Armes, Thomas C. Freyman, Denise Gray, Brian J. Kesseler, Michelle A. Kumbier, Dennis J. Letham, James S. Metcalf, Aleksandra A. Miziolek, Charles K. Stevens, Iii, John S. Stroup, And Jane L. Warner, | |
| Defendants. | |

## COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Plaintiff Robert Kirsch ("Plaintiff"), by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and upon information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys.

## NATURE OF THE ACTION

1.      This is an action against Tenneco Inc. ("Tenneco" or the "Company") and its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a) and 78t(a), and Rule 14a-9 promulgated thereunder by the SEC, 17 C.F.R. § 240.14a-9, in connection with the proposed acquisition (the "Proposed Transaction") of Tenneco by affiliates of certain funds managed by affiliates of Apollo Global Management, Inc. ("Apollo").

2.      On March 15, 2022, Defendants caused to be filed with the SEC a Schedule 14A Preliminary Proxy Statement (the "Proxy Statement") pursuant to Section 14(a) of the Exchange

Act in connection with the Proposed Transaction.

3.      The Proxy Statement, which recommends that Tenneco shareholders vote in favor of the Proposed Transaction, omits and/or misrepresents material information concerning: (i) Tenneco's financial projections; and (ii) the financial analyses performed by Tenneco's financial advisor, Lazard Frères & Co. LLC ("Lazard"), in connection with its fairness opinion.

4.      These material misrepresentations and omissions prevent the Company's shareholders from making a fully informed voting decision on the Proposed Transaction. Accordingly, the Company's shareholders will be irreparably harmed if these material misrepresentations and omissions are not remedied before the anticipated shareholder vote on the Proposed Transaction.

## JURISDICTION AND VENUE

5.      The claims asserted herein arise under and pursuant to Sections 14(a) and 20(a) of the Exchange Act (15 U.S.C. §§ 78n(a) and 78t(a)) and Rule 14a-9 promulgated thereunder by the SEC (17 C.F.R. § 240.14a-9).

6.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, and Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)) as the alleged misstatements entered and the subsequent damages occurred in this District, a substantial portion of the transactions and wrongs complained of herein had an effect in this District, the Company transacts business in this District and/or the Company is incorporated in this District.

8.      In connection with the acts, conduct and other wrongs alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce,

2

including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

9.     Plaintiff is, and has been at all relevant times hereto, an owner of Tenneco common stock.

10.     Defendant Tenneco designs, manufactures, and sells clean air, and powertrain products and systems for light vehicle, commercial truck, off-highway, industrial, motorsport, and aftermarket customers worldwide. The Company is incorporated in Delaware. The Company's common stock trades on the New York Stock Exchange under the ticker symbol, "TEN."

11.     Defendant Roy V. Armes ("Armes") is a director of the Company.

12.     Defendant Thomas C. Freyman ("Freyman") is a director of the Company.

13.     Defendant Denise Gray ("Gray") is a director of the Company.

14.     Defendant Brian J. Kesseler ("Kesseler") is Chief Executive Officer and a director of the Company.

15.     Defendant Michelle A. Kumbier ("Kumbier") is a director of the Company.

16.     Defendant Dennis J. Letham ("Letham") is Chairman of the Board of the Company.

17.     Defendant James S. Metcalf ("Metcalf") is a director of the Company.

18.     Defendant Aleksandra A. Miziolek ("Miziolek") is a director of the Company.

19.     Defendant Charles K. Stevens, III ("Stevens") is a director of the Company.

20.     Defendant John S. Stroup ("Stroup") is a director of the Company.

21.     Defendant Jane L. Warner ("Warner") is a director of the Company.

22.     Defendants Armes, Freyman, Gray, Kesseler, Kumbier, Letham, Metcalf, Miziolek, Stevens, Stroup, and Warner are collectively referred to herein as the "Individual Defendants."

23.     Defendants Tenneco and the Individual Defendants are collectively referred to herein as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### A. The Proposed Transaction

24.     On February 23, 2022, Tenneco announced that it had entered into a definitive agreement to be acquired by funds managed by affiliates of Apollo for $20.00 per share. The press release announcing the Proposed Transaction states, in pertinent part:

### Tenneco to Be Acquired by Apollo Funds

Tenneco Shareholders to Receive $20.00 Per Share in Cash, Representing 100.4% Premium

NEWS PROVIDED BY
**Tenneco Inc.**
Feb 23, 2022, 07:00 ET

LAKE FOREST, Ill., Feb. 23, 2022 /PRNewswire/ -- Tenneco (NYSE: TEN) announced today it has entered into a definitive agreement to be acquired by funds managed by affiliates of Apollo (NYSE: APO) (the "Apollo Funds") in an all-cash transaction with an enterprise valuation of approximately $7.1 billion, including debt.

The purchase price of $20.00 per share represents a 100.4% premium over the Company's closing share price of $9.98 on February 22, 2022 and a 71.6% premium over the Company's unaffected 90-day VWAP. Upon completion of the transaction, Tenneco's shares will no longer trade on the New York Stock Exchange, and Tenneco will become a private company. Tenneco will continue to operate under the Tenneco name and brand and maintain a global presence.

*     *     *

**Approvals and Timing**

The transaction, which has been unanimously approved by the Tenneco Board of Directors, is expected to close in the second half of 2022, subject to customary closing conditions, including approval by Tenneco shareholders and receipt of regulatory approvals. The transaction is not subject to a financing condition.

*      *      *

**Advisors**

Lazard is serving as financial advisor to Tenneco, and Latham & Watkins LLP is acting as legal counsel.

Rothschild & Co acted as lead financial advisor to the Apollo Funds on the transaction. BofA Securities and Citi also acted as financial advisors to the Apollo Funds. Wachtell, Lipton, Rosen & Katz is serving as legal counsel and Paul, Weiss, Rifkind, Wharton & Garrison LLP is serving as financing counsel to the Apollo Funds.

*      *      *

**About Tenneco**

Tenneco is one of the world's leading designers, manufacturers and marketers of automotive products for original equipment and aftermarket customers, with full year 2020 revenues of $15.4 billion and approximately 73,000 team members working at more than 270 sites worldwide. Through our four business groups, Motorparts, Performance Solutions, Clean Air and Powertrain, Tenneco is driving advancements in global mobility by delivering technology solutions for diversified global markets, including light vehicle, commercial truck, off-highway, industrial, motorsport and the aftermarket.

**About Apollo**

Apollo is a global, high-growth alternative asset manager. In the asset management business, Apollo seeks to provide its clients excess return at every point along the risk-reward spectrum from investment grade to private equity with a focus on three business strategies: yield, hybrid, and equity. For more than three decades, Apollo's investing expertise across its fully integrated platform has served the financial return needs of its clients and provided businesses with innovative capital solutions for growth. Through Athene, Apollo's retirement services business, it specializes in helping clients achieve financial security by providing a suite of retirement savings products and acting as a solutions provider to institutions. Apollo's patient, creative, and knowledgeable approach to investing aligns its clients, businesses it invests in, its team members, and the communities it impacts, to expand opportunity and achieve positive outcomes. As of December 31, 2021, Apollo had approximately $498 billion of assets under management. To learn more, please visit www.apollo.com.

**B. The Proxy Statement Contains Materially False and Misleading Statements and Omissions**

25.     The Proxy Statement, which recommends that Tenneco shareholders vote in favor of the Proposed Transaction, omits and/or misrepresents material information concerning: (i) Tenneco's financial projections; and (ii) the financial analyses performed by Lazard in connection with its fairness opinion.

26.     As a result of the omission of the material information (referenced below), the following sections of the Proxy Statement are false and misleading, among others: (i) Recommendation of Our Board of Directors and Reasons for the Merger; (ii) Opinion of Lazard Frères & Co. LLC; and (iii) Certain Financial Projections.

27.     Unless and until the material misstatements and omissions (referenced below) are remedied before the anticipated shareholder vote on the Proposed Transaction, Tenneco shareholders will be forced to make a voting decision on the Proposed Transaction without full disclosure of all material information. In the event the Proposed Transaction is consummated, Plaintiff may seek to recover damages resulting from Defendants' misconduct.

### 1. Material Omissions of Tenneco's Financial Projections

28.     The Proxy Statement omits material information concerning Tenneco's financial projections.

29.     The Proxy Statement fails to disclose the following concerning Tenneco's financial projections: (1) all line items underlying the projections; (2) Tenneco's net income projections; and (3) a reconciliation of all non-GAAP to GAAP metrics.

30.     The disclosure of this information is material because it would provide the Company's shareholders with a basis to project the future financial performance of Tenneco and would allow shareholders to better understand the financial analyses performed by the Company's financial advisor in support of its fairness opinion. Shareholders cannot hope to replicate management's inside view of the future prospects of the Company. Without such information,

which is uniquely possessed by Defendant(s) and the Company's financial advisor, the Company's shareholders are unable to determine how much weight, if any, to place on the Company's financial advisor's fairness opinion in determining whether to vote for or against the Proposed Transaction.

31.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's shareholders.

### 2. Material Omissions Concerning Lazard's Analyses

32.     In connection with the Proposed Transaction, the Proxy Statement omits material information concerning analyses performed by Lazard.

33.     With respect to Lazard's "*Comparable Public Companies Analysis*," the Proxy Statement fails to disclose: (1) the financial metrics of each company Lazard observed in its analyses, including each company's enterprise value and estimated EBITDA for calendar year 2022; and (2) the basis for applying the range of multiples.

34.     With respect to Lazard's "*Precedent Transactions Analysis*," the Proxy Statement fails to disclose: (1) the financial metrics of each target company Lazard observed in its analyses, including each target's enterprise value and EBITDA for the 12 months preceding the date of the announcement of the transaction; (2) the value of each transaction; (3) the closing date of each transaction; and (4) the basis for applying the range of multiples.

35.     With respect to Lazard's "*Discounted Cash Flow Analysis*," the Proxy Statement fails to disclose: (1) the terminal values for the Company; and (2) the individual inputs and assumptions underlying the (i) range of exit EBITDA multiples of 4.0x to 5.0x, and (ii) range of discount rates of 10.5% to 11.5%.

36.     With respect to Lazard's "*Leveraged Buyout Return Analysis*," the Proxy Statement fails to disclose: (1) the basis for assuming a five-year investment period; and (2) the individual inputs and assumptions underlying the (i) target internal rates of return ranging from 15% to 20%,

(ii) total leverage at closing of 4.2x 2021 EBITDA, and (iii) an exit multiple of 4.0x to 5.0x.

37.     With respect to Lazard's "*Broker Target Prices*" analysis, the Proxy Statement fails to disclose: (1) the individual price targets observed by Lazard in its analysis; and (2) the sources thereof.

38.     The valuation methods, underlying assumptions, and key inputs used by Lazard in rendering its purported fairness opinion must be fairly disclosed to the Company's shareholders. The description of Lazard's fairness opinion and analyses, however, fails to include key inputs and assumptions underlying those analyses.

39.     Without the information described above, the Company's shareholders are unable to fully understand Lazard's fairness opinion and analyses, and are thus unable to determine how much weight, if any, to place on them in determining whether to vote for or against the Proposed Transaction.

40.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's shareholders.

## COUNT I
### For Violations of Section 14(a) and Rule 14a-9 Promulgated Thereunder
### Against All Defendants

41.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

42.     During the relevant period, Defendants, individually and in concert, directly or indirectly, disseminated or approved the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder by the SEC.

43.     Each of the Individual Defendants, by virtue of his/her positions within the

Company as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a) of the Exchange Act. Defendants, by use of the mails and means and instrumentalities of interstate commerce, solicited and/or permitted the use of their names to file and disseminate the Proxy Statement with respect to the Proposed Transaction. The Defendants were, at minimum, negligent in filing the materially false and misleading Proxy Statement.

44.     The false and misleading statements and omissions in the Proxy Statement are material in that a reasonable shareholder would consider them important in deciding how to vote on the Proposed Transaction.

45.     By reason of the foregoing, Defendants have violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

46.     Because of the false and misleading statements and omissions in the Proxy Statement, Plaintiff is threatened with irreparable harm.

**COUNT II**
**Violations of Section 20(a) of the Exchange Act**
**Against the Individual Defendants**

47.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

48.     The Individual Defendants acted as control persons of the Company within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their senior positions as officers and/or directors of the Company and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the

false and misleading Proxy Statement.

49.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected. As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to the Proxy Statement, and to correct promptly any public statements issued by the Company which were or had become materially false or misleading.

50.     In particular, each of the Individual Defendants had direct and supervisory involvement in the operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Individual Defendants were provided with or had unlimited access to copies of the Proxy Statement and had the ability to prevent the issuance of the statements or to cause the statements to be corrected. The Proxy Statement at issue contains the recommendation of the Individual Defendants to approve the Proposed Transaction. Thus, the Individual Defendants were directly involved in the making of the Proxy Statement.

51.     In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Proposed Transaction. The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions which had input from the Individual Defendants.

52.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

53.     As set forth above, the Individual Defendants had the ability to exercise control

over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9 promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' conduct, the Company's shareholders will be irreparably harmed.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A.      Preliminarily and permanently enjoining Defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until Defendants disclose and disseminate the material information identified above to Company shareholders;

B.      In the event Defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.      Declaring that Defendants violated Sections 14(a) and 20(a) of the Exchange Act, and Rule 14a-9 promulgated thereunder;

D.      Awarding Plaintiff reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

E.      Granting such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: March 29, 2022                           Respectfully submitted,

**FARNAN LLP**

/s/ Michael J. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market Street, 12th Floor
Wilmington DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Counsel for Plaintiff*